UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRADLEY J. LOYET, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:19-CV-1718-NAB |
| | ) |
| K2W PRECISION, INC., et al., | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

This removed matter is before the Court on two "memoranda" filed by the Plaintiff. [Docs. 10 and 11.] Plaintiff's memoranda requests that the Court "acknowledge" the parties' consent to extensions of time. The Court will address each "memorandum" separately.

The first memorandum states that Plaintiff Bradley Loyet and Defendants K2W Precision and Keizer Wheels, Inc.[1] consent to extend Plaintiff's time to respond to Defendant's Motion to Dismiss. The deadline to file the response has passed. The "memorandum" does not actually request an extension of time or gives any reason why the Court should grant an extension of time. "When an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Court does not have to automatically grant any party an extension of time even with another party's consent. Excusable neglect is "an elastic concept that empowers courts to provide relief where a party's failure to meet a deadline is caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's

---

[1] The Court notes that Defendant K2W Precision is the only defendant that has counsel of record in this court. There has been no entry of appearance filed for Defendant Keizer Aluminum Wheels or the other Defendants Mercy Hospital South, West County Radiological Group, Inc., or Signature Medical Group.

control." *Kurka v. Iowa County, Iowa*, 628 F.3d 953, 959 (8th Cir. 2010). "The determination of whether neglect is excusable is 'at bottom an equitable one, taking account of all relevant circumstances beyond the party's control.'" *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd P'ship*, 507 U.S. 380, 395 (1993)). "In determining whether neglect is excusable, the following factors are particularly important: (1) the possibility of prejudice to the defendant, (2) the length of the delay and the impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith." *Kurka*, 628 F.3d at 959 (citing *Pioneer*, 507 U.S. at 395). "These factors do not bear equal weight as the reason for delay is generally a key factor in the analysis." *Kurka*, 628 F.3d at 959. Plaintiff's "memorandum" does not address any of these factors. Nevertheless, because this case was filed less than 30 days ago, all of the parties have not entered an appearance, and the party who filed the motion consents to the extension, the Court will grant Plaintiff an extension to August 20, 2019 to file his response to Defendant K2W Precision, Inc.'s Motion to Dismiss.

In the second memorandum, Plaintiff "moves for this Court to acknowledge the parties consent to extend Plaintiff's time to respond to Defendant's Notice of Removal until August 20, 2019." The Court will also construe this as a motion for extension of time. Although Plaintiff's motion does not explicitly state what the extension of time is for, the Court assumes that Plaintiff is seeking an extension of time to file a motion to remand. A motion to remand is due 30 days after the notice of removal is filed. 28 U.S.C. § 1447(c). The deadline to file the motion to remand has not passed. Upon a showing of good cause, a court may extend a deadline before the original time expires. Fed. R. Civ. P. 6(b)(1)(A). Again, Plaintiff has not provided any reason for the extension other than two of the Defendants consented to the motion. The Court will grant Plaintiff

an extension of time to file a motion to remand, because the time for filing has not expired, all of the parties have not made an appearance, and the Defendant who filed the removal consents to the extension. In the future, Plaintiff should clearly articulate the reason(s) for requesting an extension, whether any party would be prejudiced, and any effect the delay will have on the judicial proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that the Court grants Plaintiff an extension of time until August 20, 2019 to file his response to Defendant K2W Precision, Inc.'s Motion to Dismiss. [Doc. 10]

**IT IS FURTHER ORDERED** that the court grants Plaintiff an extension of time until August 20, 2019 to file a motion to remand. [Doc. 11]

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of July, 2019.